**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| POWERWAND, INC., Plaintiff, vs. HEFEI NENIANG TRADING CO., LTD., a Chinese corporation, and TAO HAN, Defendants. | No. COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF JURY DEMAND |

TO: CLERK OF THE COURT; and

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.

COMES NOW Plaintiff Powerwand, Inc. ("Powerwand"), brings this action to enjoin unlawful conduct and recover damages caused by Defendants Hefei Neniang Trading Co., Ltd., and its legal representative and sole shareholder Tao Han (collectively, "Defendants").

## I. INTRODUCTION

1.1 This is a civil action seeking damages and injunctive relief for federal claims including direct copyright infringement, vicarious copyright infringement, violation of the Digital Millennium Copyright Act ("DMCA"), and violation of Section 43(a) of the Lanham Act, and for state law claims including constitute unfair or deceptive acts or practices arising

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

under Washington's Consumer Protection Act, RCW 19.86, *et seq.*

## II. PARTIES

2.1 Plaintiff Powerwand, Inc. is a Texas corporation with its principal place of business in Fort Bend County, Texas.

2.2 Defendant Hefei Neniang Trading Co., Ltd. – the translation of its Chinese character name "合肥讷酿商贸有限公司" from Amazon's "Seller Profile" page (*see* Exhibit C-21) ("Hefei Neniang Trading") – is a Chinese corporation with its principal place of business at Room 2901, Building 16, Yungu Mingting, No. 2778, Chengdu Road, Baohe District, Hefei, Anhui Province, China based on its Chinese character address "安徽省合肥市包河区成都路 2778 号云谷名庭 16 栋 2901 室" displayed on Amazon's "Seller Profile" page, Exhibit C-21) with Business Registration No. 340111001048423. The entity information was verified through the business registration information recorded at the Anhui Administration for Industry & Commerce.

2.3 Defendant Tao Han – the translation of his Chinese character name "韩涛" from Defendants' counter-notifications (*see* Exhibit F) – is the legal representative and sole shareholder of Defendant Hefei Neniang Trading, who may be located at Hefei Neniang Trading's principal place of business, Room 2901, Building 16, Yungu Mingting, No. 2778, Chengdu Road, Baohe District, Hefei, Anhui Province, China.

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 for federal question and 28 U.S.C. § 1338 for copyright, trademark, and unfair competition. This case also involves claims brought under the following federal statutes: copyright infringement under 17 U.S.C. § 101, *et seq.*, violation of the DMCA under 17 U.S.C. § 512, and violation of the Lanham Act, 15 U.S.C. § 1125. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

3.2 This Court has personal jurisdiction over Defendants because each of them committed intentional acts aimed at the Western District of Washington (including, inter alia, use of the Amazon.com website, which, on information and belief, is operated from the State of Washington), and the brunt of harm caused by the intentional acts was suffered in the Western District of Washington.

3.3. Defendants are also subject to the personal jurisdiction of this Court pursuant to 17 U.S.C. § 512(g)(3)(D), which contains explicit consent to jurisdiction upon submission of a DMCA counter-notification. Specifically, Defendants' products were available for purchase on the Amazon.com ecommerce platform. Amazon.com, Inc. ("Amazon"), which owns and operates the Amazon.com ecommerce platform, is headquartered in this District. Powerwand submitted a DMCA notification to Amazon relating to Defendants' infringing conduct. By submitting a DMCA counter-notification to Amazon, Defendants have explicitly consented to the personal jurisdiction of any United States federal district court in which Amazon and its affiliates may be found. *See* 17 U.S.C. § 512(g)(3)(D). (*See* Exhibit F, Collection of Defendants' DMCA Counter-Notifications Submitted Through Amazon). According to those DMCA counter-notifications, Defendants are located in China. On information and belief, Defendants are not domiciled or located in any state in the United States, and Defendant Hefei Neniang Trading is not incorporated in any state in the United States.

3.4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), (c)(2) and (d), 28 U.S.C. § 1400(a), and 17 U.S.C. § 512(g)(3)(D).

## IV. BACKGROUND

4.1 Powerwand has expended substantial financial resources developing its apparel line, which includes investing in the creation of unique apparel designs, the creation

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

and display of copyrighted photographic content of its apparel products and fashion models wearing this apparel, along with the creation and adoption of unique trademarks and logos.

**A. POWERWAND'S COPYRIGHTS**

4.2 As part of its ongoing, evolving apparel product line, Powerwand has created and continues to create its new apparel designs, has the products made, photographs the products, and conducts photo shoots with fashion models wearing such products. Powerwand then prepares a selection of the new products for the next product "launch" (also referred to as a product "drop"). In advance of the product drop, Powerwand promotes the upcoming new products on its social media sites, such as its @Inakapower Instagram page and its @Inakapower Twitter feed. Relevant to this lawsuit, Powerwand had new product drops in February and May of 2022. Among the photos associated with these product drops were photos made the subject of Powerwand's U.S. Copyright Registration Nos. VA0002319823, VA0002319762, and VA0002319760. (*See* Exhibit E, Copyright Office's Catalog Listing).

4.3 Subsequent to Powerwand's February and May 2022 product drops, and as recently discovered by Powerwand, Defendants unlawfully copied at least 19 of Powerwand's copyrighted photos including product "layflat" photos and fashion model photos and then commenced the unlawful display of those photos in connection with its offering and sale of at least 9 Inaka IP shorts designs on its Amazon storefront called: "合肥讷酿商贸有限" selling under a brand called "ijqowqv". (True and correct copies of screenshots (captured 9/17/2022) from the Defendants' "ijqowqv" Amazon storefront evidencing these 19 photos as well as Defendants' Amazon Storefront and Defendants' Amazon "Seller Profile" page are attached as Exhibits C-1 through C21). Referring to Exhibit C-20, this storefront, as of September 17, 2022, had a listing called: "Inaka Power Shorts Men Women Gym Active Beach Sweatpants with Pockets Summer Jogger Mesh Quick Drying Basketball Shorts" (the "Amazon Listing") in which Defendants were offering 9 shorts products (each in various sizes). Defendants

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

secured through Amazon an Amazon Standard Identification Number ("ASIN") for each size of each shorts product design (25 ASINs in total) set forth in this Amazon Listing (as of September 17, 2022). The entirety of this listing was populated solely with Powerwand's 19 copyrighted photos, the one exception being a single photo that Defendants displayed that belongs to one of Powerwand's contractual Instagram influencers. This single photo owned by Powerwand's Instagram influencer (a true and correct copy of which is attached as Exhibit D) is not being made the subject of Powerwand's copyright infringement claims herein, but is nonetheless relevant as evidence of Defendants' malicious intent to copy "all things Inaka Power" and to pass off its products as being authentic Inaka products, or to otherwise create a false impression of some association or sponsorship by Inaka Power, all part of its unfair competition with Powerwand.

4.4 After discovering the blatant infringement of its copyrights, on September 17, 2022, Powerwand filed takedown notices (*via* Amazon's online DMCA complaint process under the DMCA, 17 U.S.C. § 512) directed to all 25 of the ASINs used by Defendants (the "25 ASINs") for these unauthorized Inaka IP products offered under the infringing photos.

4.5 <u>Defendants' 25 ASINs are</u>:

1. B0B7HCYM66 – Amazon Complaint ID: 10792486221
2. B0B7HC99SX – Amazon Complaint ID: 10792486221
3. B0B7HD7394 – Amazon Complaint ID: 10792486221
4. B0B7HC7HR7 – Amazon Complaint ID: 10792486221
5. B0B7HB72JS – Amazon Complaint ID: 10792486221
6. B0B7HBDCNB – Amazon Complaint ID: 10792486221
7. B0B7HDSR1R – Amazon Complaint ID: 10792486221
8. B0B7HBCLGG – Amazon Complaint ID: 10792486221
9. B0B7HCKX27 – Amazon Complaint ID: 10792486221

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

10. B0B7HCMZ6G – Amazon Complaint ID: 10792486221
11. B0B7HBFKZM – Amazon Complaint ID: 10792486221
12. B0B7HB71GV – Amazon Complaint ID: 10792486221
13. B0B7HCGTW1 – Amazon Complaint ID: 10792486221
14. B0B7HB385Z – Amazon Complaint ID: 10792486221
15. B0B7HC3QH4 – Amazon Complaint ID: 10792486221
16. B0B7H9LR6B – Amazon Complaint ID: 10792486221
17. B0B7HB64LM – Amazon Complaint ID: 10792486221
18. B0B7H9WHTB – Amazon Complaint ID: 10792486221
19. B0B7HFBJBN – Amazon Complaint ID: 10792486221
20. B0B7HCSBW9 – Amazon Complaint ID: 10792486221
21. B0B7HD95C2 – Amazon Complaint ID: 10792486221
22. B0B7HB5LTF – Amazon Complaint ID: 10792486221
23. B0B7HDRDTQ – Amazon Complaint ID: 10792486221
24. B0B7HF3Y8J – Amazon Complaint ID: 10792486221
25. B0BDYCKKYN – Amazon Complaint ID: 10792548631

4.6 Based on the supporting evidence provided by Powerwand, Amazon took down all 25 of these ASINs the following day, on September 18, 2022, and such content remains down at this time.

4.7 In response to the DMCA takedown of these 25 ASINs, Defendants filed 25 groundless DMCA counter-notifications pursuant to Section 512(g) of the DMCA through Amazon's DMCA takedown system. On September 20, 2022 (after 9 pm CST), Amazon provided notice to Powerwand's counsel of these 25 DMCA counter-notifications.

4.8 Pursuant to the timeline provided in the DMCA, Powerwand is now forced to file this suit against Defendants by October 4, 2022 (10 business days following the receipt of

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

the counter-notifications). Otherwise, Amazon will allow this taken down content to become accessible again. As such, Powerwand is concurrently providing Amazon with notice of this lawsuit against the counter noticing party along with a copy of this Complaint to Amazon's email address "ip-info-request@amazon.com" as directed by Amazon in the counter-notifications.

4.9 Powerwand owns all copyright, exclusive rights under copyright, and/or accrued causes of action with respect to the display, reproduction, and distribution of or to the images at issue in this action, and they were all created prior to the acts complained of herein against Defendants (the "Works"). More specifically, Powerwand created the following images and other copyrighted materials (the "Copyrighted Works" or "Works"):

| **Powerwand Copyright Registrations Issued by the U.S. Copyright Office Directed to Its 19 Original Photographs Infringed by Defendants as Set Forth in Exhibit A** | | | |
|---|---|---|---|
| **Photo #** | **Registration #** | **Issued** | **Title of Registered Photograph** |
| 1 | VA0002319823 | 9/26/2022 | IP-A1 |
| 2 | VA0002319760 | 9/25/2022 | IP-C6 |
| 3 | VA0002319760 | 9/25/2022 | IP-C12 |
| 4 | VA0002319762 | 9/25/2022 | IP-B30 |
| 5 | VA0002319762 | 9/25/2022 | IP-B27 |
| 6 | VA0002319760 | 9/25/2022 | IP-C1 |
| 7 | VA0002319760 | 9/25/2022 | IP-C3 |
| 8 | VA0002319762 | 9/25/2022 | IP-B1 |
| 9 | VA0002319762 | 9/25/2022 | IP-B4 |
| 10 | VA0002319762 | 9/25/2022 | IP-B7 |
| 11 | VA0002319760 | 9/25/2022 | IP-C14 |
| 12 | VA0002319760 | 9/25/2022 | IP-C15 |

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

| 13 | VA0002319760 | 9/25/2022 | IP-C16 |
|---|---|---|---|
| 14 | VA0002319760 | 9/25/2022 | IP-C17 |
| 15 | VA0002319760 | 9/25/2022 | IP-C18 |
| 16 | VA0002319762 | 9/25/2022 | IP-B16 |
| 17 | VA0002319762 | 9/25/2022 | IP-B17 |
| 18 | VA0002319762 | 9/25/2022 | IP-B19 |
| 19 | VA0002319762 | 9/25/2022 | IP-B20 |

4.10 These 19 Works constitute original, copyrightable subject matter under the copyright laws of the United States. The Works are all owned by Powerwand. Any contributions to the Works by employees of Powerwand belong to Powerwand (the employer) under the statutory work made for hire doctrine because such contributions were prepared by such employees within the scope of their employment. 17 U.S.C. §§ 101, 201(b). Other photographic contributions by independent contractors belong to Powerwand by operation of written transfer agreements.

4.11 Prior to filing this Complaint, Powerwand complied in all respects with all statutory formalities of the Copyright Act, 17 U.S.C. §101, *et seq*., and with all other laws governing copyrights. Powerwand submitted three Group Photo Copyright Applications to the U.S. Copyright Office resulting in the three registrations as discussed above.

4.12 These Works are extensively used by Powerwand in its online retail apparel business. These photos are what drive Powerwand's product allure and excitement leading to its apparel product drops. Typically, on the day of an apparel drop, the clothing will sell out due to the incredible demand for Powerwand's Inaka Power brand apparel. As such, the Works are extraordinarily valuable to Powerwand.

4.13 As copyright owner, Powerwand has the exclusive right to, e.g., reproduce, distribute and publicly display the Works, as well as to create derivative works based on the

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

Works.

4.14 After the creation of each of the Works, and publication of the same online, Defendants unlawfully and blatantly engaged in systematic unauthorized copying of Powerwand's digital files, and then incorporated such copies of the Works into its unauthorized and unlawful Amazon Listing. Defendants had access to these Works and used them to create their own infringing works as evidenced by the identical nature of Defendants' infringing photos to Powerwand's original copyrighted photos as demonstrated in Exhibit A. Therefore, actual and "factual copying" exists.

4.15 Additionally, Defendants' copying is legally actionable as copyright infringement ("actionable copying") owing to the substantial similarity between Powerwand's Works and Defendants' infringing works. A side-by-side comparison of Powerwand's Works (as published in its social media sites) to the corresponding infringing works clearly shows that a layperson would view each set of the compared works as being identical, not just substantially similar. (*See* Exhibit A). The copying by Defendants is quantitatively and qualitatively sufficient to support the legal conclusion that actionable copying has occurred. Therefore, Defendants have engaged in copyright infringement.

4.16 Defendants unlawfully used the Works to create a virtually identical, if not identical, set of infringing works for the sole purpose of offering products attempting to copy Powerwand's Inaka IP shorts designs, using Powerwand's Inaka, IP and Inaka Power trademarks/logos. Defendants have infringed Powerwand's copyrights in the Works by copying and displaying these photos (copied without authorization from Powerwand) on its Amazon storefront. Defendants have reproduced, distributed, publicly displayed, and/or prepared derivative works based on Powerwand's Copyrighted Works without Powerwand's permission. Specifically, Defendants copied Powerwand's photos and are also using the Works in the everyday operation of their Amazon storefront. Defendants had access to the

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

Works when creating its infringing works and their infringing works are identical, not just substantially similar to Powerwand's Copyrighted Works.

4.17 Defendants willfully infringed Powerwand's Copyrighted Works entitling Powerwand to an award of enhanced damages up to the maximum allowed by statute.

4.18 Defendant Tao Han is likewise vicariously and jointly and severally liable for the copyright infringement of Defendant Hefei Neniang Trading and has or has had a direct financial interest in the creation, use and/or publication of the infringing works containing Powerwand's Copyrighted Works, and has or has had the power or ability to supervise and control the creation, use and/or publication of the infringing works containing these Copyrighted Works.

4.19 Typically, an Amazon storefront product listing will employ multiple formatted copies of the same image used for different purposes within the storefront. On information and belief, Defendants possess multiple formatted copies of each of the Copyrighted Works. Further, on information and belief, Defendants have possession of and have used or intend to use other copyrighted photographic content owned by Powerwand. Defendants are not authorized to use any of Powerwand's copyrighted photographic content.

4.20 Powerwand has been damaged by Defendants' unauthorized use of the Copyrighted Works and will continue to be damaged if such infringing conduct is not enjoined by the Court.

**B. POWERWAND'S TRADEMARKS**

4.21 Powerwand has established superior rights under federal, state, and common law for its distinctive INAKA family of trademarks, including INAKA, INAKA POWER, IP, INAKA SUPPS, INAKA MOB, INAKA RUN CLUB, IRC, POWER SEASON and related designs, including:

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**



directed to, for example, fitness accessories (such as U.S. Trademark Reg. Nos. 5657741 and 5657755), nutritional and dietary supplements, and fitness/casual apparel (collectively, "Powerwand Trademarks").

4.22 More specifically, Powerwand created the domain name www.inakapower.com on February 24, 2018, and began operating its online retail store thereafter. Powerwand also owns the Instagram page @inakapower where it began advertising the launch of its INAKA brand for fitness accessories as early as February 21, 2018, and apparel as early as October 20, 2018. Powerwand established its Inaka Power Facebook retail page on October 31, 2018, regarding the sales of its fitness and apparel products. Later, in August 2019, Powerwand introduced additional apparel items and began using the INAKA POWER trademark in connection with its apparel line and other products. Powerwand has been continuously using its INAKA and INAKA POWER trademarks in commerce since that time to present throughout the United States. and abroad. Powerwand has also extensively advertised its INAKA and INAKA POWER brands since its inception and has gone to great expense to establish, cultivate and promote a very high-quality line of products under its INAKA and INAKA POWER trademarks, and to grow and expand its business. Powerwand has established extremely valuable intellectual property rights and associated goodwill in its INAKA and INAKA POWER trademarks. Powerwand therefore zealously protects its substantial investment in this valuable goodwill and intellectual property.

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

4.23 In connection with the copyright infringement, Defendants have been offering copycat apparel design branded with Powerwand's stylized Inaka and IP logos on the face of the shorts in the exact fashion as used by Powerwand (*see, e.g.*, Photo Nos. 11-19 in Exhibit A) and are also employing the use of Powerwand's fashion model and other product display photos (*see, e.g.*, Photo Nos. 1-10 in Exhibit A) – all in an effort to create an impression that their products are authentic or otherwise associated with Powerwand. Further, referring to Defendants' product listing as shown on Exhibit C-20, Defendants are expressly referring to these products as "Inaka Power" shorts. Additionally, Defendants are representing that their shorts products also contain the proprietary sewn-in IP Inaka Power labels. (*See, e.g.*, Photo No. 11 in Exhibit A). These actions by Defendants constitute flagrant infringement of Powerwand's superior rights in the Inaka an Inaka Power trademarks.

4.24 Powerwand has been damaged by Defendants' unauthorized use of Powerwand's trademarks and will continue to be damaged if such infringing conduct is not enjoined by the Court.

## V. FIRST CAUSE OF ACTION – DIRECT COPYRIGHT INFRINGEMENT

**(Against All Defendants)**

5.1 Powerwand incorporates by reference the paragraphs above as though fully set forth herein.

5.2 Defendants have reproduced, displayed, distributed or otherwise copied the Copyrighted Works without Powerwand's license or authorization.

5.3 The actions and conduct of Defendants as described above infringe upon the exclusive rights of Powerwand under 17 U.S.C. § 106 to the Copyrighted Works.

5.4 Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501. Defendants' infringement is willful.

5.5 As a direct and proximate result of the copyright infringement described above,

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

Powerwand is entitled to relief including, but not limited to, actual damages, enhanced damages, profits of Defendants, costs, and prejudgment interest. Powerwand is further entitled to an order impounding all infringing copies of the Copyrighted Works in any form and to an order for the destruction of such materials.

5.6 Powerwand has no adequate remedy at law for, and is being irreparably harmed by, Defendants' infringement of copyrights and exclusive rights under copyright as set forth above, and such harm will continue unless Defendants are enjoined by this Court. Pursuant to 17 U.S.C. § 503, Powerwand is entitled to preliminary and permanent injunctions prohibiting further infringement of the images.

## VI. SECOND CAUSE OF ACTION – ABUSE OF DMCA COUNTER-NOTIFICATION UNDER 17 U.S.C. § 512(g)(3)(D)

6.1 Powerwand incorporates by reference the paragraphs above as through fully set forth herein.

6.2 After Powerwand initiated a DMCA takedown against 25 ASINs to prevent further unauthorized copyright infringement by Defendants, Defendants filed 25 frivolous counter-notifications with Amazon. In those counter-notifications, Defendants claimed, among other things, that "[they had] a good faith belief that [the 25 ASINs were] removed or disabled as a result of mistake or misidentification …." (*See* Exhibit F). Defendants filed these counter-notifications under penalty of perjury and subject to civil penalties or criminal prosecution for providing false statements. (*Id.*) All of the 25 counter-notifications contain material and knowingly-false information.

6.3 Defendants abused the DMCA counter-notification system and misrepresented material facts when they submitted the counter-notifications to Amazon. Defendants are well aware that their products and advertisements violated Powerwand's copyrights. By submitting a counter-notifications, however, Defendants ask Amazon to rely on their misrepresentations

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

and to restore access to Defendants' infringing product listing and other advertising materials.

6.4 Defendants' bad-faith conduct therefore violates 17 U.S.C. § 512(f).

6.5 Defendants have realized or are likely to soon realize unjust profits and unjust enrichment as a proximate result of their abuse of the DMCA counter-notification system in an amount yet to be determined.

6.6 As a direct and proximate result of Defendants' abuse of the DMCA system, Powerwand suffered and will continue to suffer actual damages. Powerwand is entitled to actual damages and any gains, profits, and advantages obtained by Defendants resulting from Defendants' abuse of the DMCA counter-notification system.

6.7 Powerwand is further entitled to recover its attorneys' fees and full cost pursuant to 17 U.S.C. § 512(f).

## VII. THIRD CAUSE OF ACTION – COMMON LAW TRADEMARK INFRINGEMENT

**(Against All Defendants)**

7.1 Powerwand incorporates by reference the paragraphs above as though fully set forth herein.

7.2 Powerwand has been careful to ensure that its products are of the highest quality, in order to protect and promote Powerwand's recognition, reputation, and goodwill.

7.3 As a result of Powerwand's efforts, Powerwand's customers are willing to pay a premium for the products.

7.4 The products copied, displayed, and distributed by Defendants are of an inferior quality to the corresponding images displayed and sold by Powerwand.

7.5 Defendants offer the products with one or more of the Powerwand Trademarks for sale at lower prices than offered by Powerwand for the corresponding products.

7.6 As a result of the actions described above, the public has been misled into

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

believing that the products with the use of one or more of the Powerwand Trademarks offered by Defendants have been authorized by or otherwise associated with Powerwand.

7.7 The Powerwand Trademarks are strong and distinctive. The Powerwand Trademarks are used in connection with the sale of apparel products, including the products shown in Exhibits A and B.

7.8 Powerwand has invested enormous efforts and sums of money in creating the highly-recognized, nationwide reputation for the Powerwand Trademarks. Through Powerwand's efforts, the Powerwand Trademarks have become widely and exclusively associated by the trade and public with Powerwand in connection with the promotion of, e.g., its apparel products. That strong association has existed for years and continues through the present date.

7.9 In light of the use of Powerwand's exact Copyrighted Works, which contained the Powerwand Trademarks, Defendants were fully aware of the trade and public's association of the Powerwand Trademarks with Powerwand before they adopted the Powerwand Trademarks, including the terms Inaka, Inaka Power, Inaka Power, and IP in connection with the sale of the identical apparel products. Despite that, Defendants proceeded to adopt and use these marks in commerce as the dominant part of their Amazon Listing.

7.10 The adoption, advertising and use by Defendants of the Powerwand Trademarks as part of their Amazon Listing for apparel products have been without Powerwand's authorization.

7.11 Defendants are using the Powerwand Trademarks. Accordingly, Defendants' ongoing use of the marks is likely to confuse, cause mistake or to deceive the relevant trade and public into erroneously believing that Defendants' apparel products are authorized, approved or sponsored by, or associated with, Powerwand.

7.12 Defendants' aforesaid use of the Powerwand Trademarks infringes upon

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

Powerwand's exclusive rights and constitutes a violation of Powerwand's trademark rights.

7.13 Defendants' ongoing infringement of Powerwand's rights has been intentional. Defendants' aforesaid conduct has been intentional and in bad faith and, at a minimum, in reckless disregard for Powerwand's rights.

7.14 Defendants' willful and infringing conduct has caused, and is causing, irreparable harm to Powerwand's trademark rights and will continue unless enjoined by the Court. Further, Powerwand is without an adequate remedy at law to halt such ongoing unlawful conduct.

## VIII. THIRD CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION – LANHAM ACT VIOLATION

**(Against All Defendants)**

8.1 Powerwand incorporates by reference the paragraphs above as though fully set forth herein.

8.2 Powerwand has gone to great lengths to ensure that its products are only of the highest quality, in order to promote Powerwand's recognition, reputation, and goodwill. As a result of these efforts, Powerwand's customers are willing to pay a premium for Powerwand's products.

8.3 Defendants offer the products for sale at lower prices than offered by Powerwand for the corresponding products.

8.4 Defendants' conduct, as alleged above, is likely to cause confusion, or to cause mistake, or to deceive consumers and the public as to the source, origin, affiliation, connection, authenticity, or association of their products and services. Defendants' conduct is likely to confuse or mislead the public into believing that Defendants are the source or sponsor of the products, or that the products distributed by Defendants are authentic versions of the products, thereby causing loss, damage, and injury to Powerwand and the purchasing public.

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

Defendants' actions further misrepresent the nature, characteristics, or qualities of their products, services, or commercial activities.

8.5 Defendants' conduct has been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Powerwand's rights.

8.6 The foregoing actions by Defendants constitute false designation of origin, false misrepresentation, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8.7 Defendants' wrongful acts, as alleged above, have permitted or will permit them to make substantial sales and profits on the strength of Powerwand's nationwide and international marketing, advertising, sales and customer recognition in an amount not presently known but to be proven at trial. Based on the foregoing conduct, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

8.8 As a direct and proximate result of Defendants' violations of the Lanham Act, 15 U.S.C. § 1125(a), Powerwand is entitled to damages and to recover from Defendants the profits realized by the unlawful activity, pursuant to 15 U.S.C. § 1117(a).

8.9 As a direct and proximate result of Defendants' wrongful conduct, Powerwand has been and will be damaged in at least the following ways, in amounts as yet unknown but to be proven at trial: (i) Powerwand has been and will be deprived of substantial fees from the sale and license of its products and services; (ii) Powerwand has been and will be damaged in its ability to license the images with the same degree of exclusivity, restrictions and price that otherwise would have been obtained by Powerwand; (iii) Powerwand has suffered and will suffer a loss of goodwill; and (iv) Powerwand has been and will be deprived of the value of its federally-registered trademarks and marks as commercial assets.

8.10 Powerwand further is entitled to its attorney's fees and full costs pursuant to 15 U.S.C. § 1117.

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

8.11 Powerwand has no adequate remedy at law for, and is being irreparably harmed by, Defendants' continuing violation of its rights as set forth above, and such harm will continue unless Defendants are enjoined by this Court. Pursuant to 15 U.S.C. § 1116, Powerwand is entitled to preliminary and permanent injunctions prohibiting further violations of the Lanham Act.

## IX. SIXTH CAUSE OF ACTION – UNFAIR COMPETITION UNDER CONSUMER PROTECTION ACT

**(Against All Defendants)**

9.1 Powerwand incorporates by reference the paragraphs above as though fully set forth herein.

9.2 The conduct and actions of Defendants as described above, constitute unfair or deceptive acts or practices in violation of R.C.W. § 19.86.020, *et seq*.

9.3 Defendants' deceptive acts and practices were undertaken in trade or commerce, are intended to, and are likely to, lead to confusion, mistake, or deception among the public as to the source, origin, or approval of the infringing goods offered for sale by Defendants, causing Powerwand injury.

9.4 As a result of the acts described above, Defendants are misleading and confusing consumers who are attempting to purchase Powerwand's products. As a result, these consumers may be confused into believing that Defendants' products are endorsed, affiliated with or sponsored by Powerwand.

9.5 There is a likelihood of repetition of the unfair and deceptive acts and practices described above.

9.6 As a direct and proximate result of Defendants' deceptive acts and practices in violation of R.C.W. 19.86, *et seq*., and the resulting consumer confusion, Powerwand has suffered and will continue to suffer losses and irreparable injury to its business reputation and

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

goodwill in amounts not yet ascertained. Powerwand's remedy at law is not itself adequate to compensate it for injuries inflicted and threatened by Defendants.

9.7 As a result of the unfair and deceptive conduct described above, Powerwand has been damaged in an amount to be proven at trial. In addition to actual damages, Powerwand is entitled to statutory treble damages, or $10,000 per violation, plus statutory costs and attorney's fees pursuant to RCW § 19.86.020, *et seq*.

## X. JURY DEMAND

10.1 Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## XI. REQUEST FOR RELIEF

NOW WHEREFORE, Powerwand requests relief against Defendants, jointly and severally, as follows:

1. For judgment entered in favor of Powerwand against Defendants on each of Powerwand's causes of action;

2. For declaration that Defendants' actions constitute violations of 17 U.S.C. § 512(f);

3. For preliminary and permanent injunctive relief prohibiting Defendants from (1) offering to the public, marketing, selling, providing, or otherwise trafficking in apparel products branded with any of the Powerwand Trademarks (including Inaka, Inaka Power, and Inaka IP logos; (2) using any photographic materials belonging to Powerwand, including all photographs referenced herein and all digital versions thereof; and (3) engaging in any other violation of the DMCA, Copyright Act, Lanham Act, or any other federal or state law, that results in harm to Powerwand;

4. For an order requiring Defendants to file a written report with the Court, with service to Powerwand, setting forth in detail the manner in which Defendants have complied

HELSELL FETTERMAN
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**

with all of their requirements under the Court's injunctive relief within thirty (30) days after service of judgment with notice of entry;

5. For actual damages and enhanced damages for Defendant's unlawful conduct – the exact amount to be determined at trial;

6. For an order of an accounting, the imposition of a constructive trust, and restitution of Defendants' unlawful proceeds, in an amount proven at trial;

7. For an award of Powerwand's costs and attorneys' fees;

8. For an award of prejudgment and post-judgment interest; and

9. For such other and further relief as the Court may deem just and proper.

DATED this the 4th day of October, 2022.

HELSELL FETTERMAN LLP

By: *<u>/s/ Michelle Q. Pham</u>*
Michelle Q. Pham, WSBA #44286
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154
Telephone: (206) 689-2139
Facsimile: (206) 340-0902
Email: mpham@helsell.com
*Attorneys for Plaintiff Powerwand, Inc.*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 20

HELSELL FETTERMAN

Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154-1154
206.292.1144 **WWW.HELSELL.COM**