UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POWERWAND INC., <br>      Plaintiff, <br><br>  v. <br><br> HEFAI NENIANG TRADING CO., LTD. and TAO HAN, <br>      Defendants. | CASE NO. 2:22-cv-01413-JHC <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff Powerwand Inc.'s Motion for Default Judgment against Defendants Hefai Neniang Trading Co., Ltd. and Tao Han. Dkt. # 14. The motion is unopposed. *See generally* Dkt. The Court has considered the motion, the record, and the applicable law. Being fully advised, the Court GRANTS the motion.

# II

## BACKGROUND

Powerwand is a Texas-based corporation that designs and sells custom apparel. Dkt. # 1 at 2–4. Powerwand owns exclusive rights to various intellectual property, including copyright

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

protection for 19 original photographs and trademark registration for the "INAKA" family of brands. *Id.* at 5, 11. Defendant Hefai Neniang Trading is a Chinese corporation and retailer with an ecommerce storefront on Amazon.com (Amazon). *Id.* at 2. Defendant Tao Han is the legal representative and sole shareholder of Hefai Neniang Trading. *Id.*

In February and May 2022, Powerwand shared photos on social media to promote the launch of its new apparel and designs. *Id.* at 4. Soon after, Defendants listed and began offering nine new shorts products on their Amazon storefront. *Id.* Defendants' offerings incorporated Powerwand's trademarked designs, referenced "Inaka" in the listing titles, and included identical images to the product photos from Powerwand's social media sites. *Id.* at 4–5.

On September 17, 2022, Powerwand filed 25 notices through Amazon's online Digital Millennium Copyright Act (DMCA) complaint process, requesting that Amazon remove 25 of Defendants' product listings for displaying Powerwand's copyrighted and trademarked material without authorization. *Id.* at 5. Amazon took down the challenged listings the next day. *Id.* at 6. Defendants responded to the takedown notices by filing 25 counter-notifications with Amazon's DMCA system. *Id.* Powerwand received notice of the counter-notifications from Amazon on September 20, 2022 and filed this action on October 4, 2022. *Id.*

Powerwand served Defendants by email in January 2023 after the Court granted leave to serve process by alternative means. Dkt. ## 10, 11. The Clerk entered an Order of Default against Defendants in May 2023. Dkt. # 13. Powerwand then filed the motion at issue, seeking default judgment, monetary damages, and permanent injunctive relief. Dkt. # 14.

# III

## DISCUSSION

A.  Legal Standards

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). Courts typically consider these seven "*Eitel*" factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Because default judgments are generally disfavored, "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124, at *2 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

B.  Application of *Eitel* Factors

All seven *Eitel* factors support Powerwand's motion. Default judgment is therefore an appropriate remedy in this case.

1.     Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). As Defendants have failed to respond to this action, default judgment is Powerwand's only means for recovery. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030, at *3 (W.D. Wash. Jan. 31, 2022) (first *Eitel* factor favors entry of default judgment when the defendant "failed to respond or otherwise put forth a defense"). Thus, this factor supports default judgment.

2.     Merits of Plaintiff's claims and sufficiency of complaint

"Courts often consider the second and third *Eitel* factors together." *Developers Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). As noted above, for the purpose of this motion, the Court must accept all well-pleaded allegations in the complaint as true. *See UN4 Prods*, 372 F. Supp. 3d at 1133. Accepting such allegations, the Court finds that the second and third *Eitel* factors support default judgment for all five claims.

(a)    Direct copyright infringement (claim one)

Powerwand alleges that Defendants engaged in direct and willful copyright infringement in violation of the Copyright Act. Dkt. # 14 at 4. To establish a claim for direct copyright infringement, a plaintiff must 1) "show ownership of the allegedly infringed material" and 2) "demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). To prove that a defendant engaged in willful copyright infringement, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols.*, Inc., 658 F.3d 936, 944 (9th Cir. 2011) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).  If an infringer makes no attempt to inquire into whether the item was subject to copyright protection, the infringer may be found to have acted with reckless disregard or willful blindness. *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017).

The allegations in the complaint, if taken as true, support Powerwand's copyright infringement claim.  Powerwand produced the 19 original photographs at issue and later secured U.S. Copyright Registrations for all 19 images.  Dkt. ## 1 at 7, 15 at 32–39.  As the copyright owner, Powerwand possesses exclusive rights under 17 U.S.C. § 106 to display, reproduce, and distribute these images.  Dkt. # 1 at 7.  By using Powerwand's copyrighted works without authorization, Defendants violated Powerwand's exclusive rights under 17 U.S.C. § 106.  Defendants thus directly and willfully infringed on Powerwand's copyrights under 17 U.S.C. § 501.  *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (allegation of willfulness deemed admitted on default); Dkt. # 1 at 9.

        (b)      Abuse of DMCA counter-notifications (claim two)

Under 17 U.S.C. § 512(f), "[a]ny person who knowingly materially misrepresents under this section (1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages."  Defendants filed counter-notifications with Amazon stating that "[they had] a good faith belief that the material . . . was removed or disabled as a result of mistake or misidentification."  Dkt. # 1 at 13.  Accepting Powerwand's allegations as true, Defendants' counter-notifications contained materially false information.  *Id.*  Defendants thus violated 17 U.S.C. § 512(f) by "knowingly

materially misrepresent[ing]" that "material or activity was removed or disabled by mistake or misidentification."

      (c)      Trademark infringement and false designation of origin and unfair competition under the Lanham Act (claims three and four)

To establish a trademark infringement claim under 15 U.S.C. § 1114, Powerwand must show that Defendants used:

> (1) a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered trademark, (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive.

*Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019) (citing 15 U.S.C. § 1114(a)).  To establish a false designation of origin and unfair competition claim under 15 U.S.C. § 1125(a), Powerwand must show that Defendants "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007).  "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998).  "Because counterfeit marks are, by design, 'inherently confusing, . . . if the plaintiff presents evidence demonstrating an allegedly infringing mark is counterfeit, then a strong likelihood of confusion is established." *Coach, Inc. v. Pegasus Theater Shops*, No. C12-1631-MJP, 2013 WL 5406220, at *3 (W.D. Wash. Sept. 25, 2013) (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003)).

Accepting Powerwand's allegations as true, Defendants engaged in trademark infringement and false designation of origin and unfair competition in violation of the Lanham

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 6

Act. Defendants used reproductions of Powerwand's registered trademarks, without consent, to list and offer products in commerce on its Amazon storefront. Dkt. # 1 at 14–15. Defendants also incorporated Powerwand's distinctive, but not previously registered, marks into their product listings on Amazon. *Id.* Since the images and titles used in Defendants' listings are identical to photos and marks that Powerwand owns and uses, a reasonably prudent consumer would likely confuse Defendants' offerings with Powerwand's products. *Id.* Powerwand has thus established trademark infringement under 15 U.S.C. § 1114(a) and 15 U.S.C. § 1125(a).[1]

          (d)    Unfair competition under the Washington Consumer Protection Act (CPA) (claim five)

"To prevail on a CPA action, the plaintiff must prove an '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'" *Klem v. Washington Mut. Bank*, 176 Wash. 2d 771, 782, 295 P.3d 1179 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531 (1986)); *see also* RCW 19.86.020. "Absent unusual circumstances, the analysis of a CPA claim will follow that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark." *Safeworks, LLC*, 717 F. Supp. 2d at 1192.

Because the analysis for a CPA claim typically tracks that for a federal trademark claim—discussed above—and there do not appear to be unusual circumstances dictating a

---

[1] The complaint describes the cause of action as "common law trademark infringement," but the motion describes it as a claim for a Lanham Act violation. The tests for each do not meaningfully differ. *See Safecover Roofing, LLC v. Pro-Cover Roofing, Inc.,* No. 3:20-cv-06212-RJB, 2021 WL 1313070, at *1 (W.D. Wash. Apr. 8, 2021) ("The test for trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion." (quoting *M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1080 (9th Cir. 2005)); *see also Safeworks, LLC v. Teupen Am., LLC*, 717 F.Supp. 2d 1181, 1192 (W.D. Wash. 2010) ("The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition.").

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 7

different result, Plaintiff has stated a valid CPA claim.  Defendants engaged in a deceptive act by offering products that would likely mislead a "reasonable" consumer.  *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986).  Selling deceptive products also harms the public interest and injures Powerwand's business.  *See Amazon.com v. White*, No. C20-1773-JHC, 2022 WL 1641423, at *4 (W.D. Wash. May 24, 2022).  Defendants' actions therefore satisfy the five-factor test for a CPA violation.

In sum, Powerwand's claims have merit and sufficiency and thus satisfy the second and third *Eitel* factors.

3.      Sum of money at stake

The fourth *Eitel* factor "considers whether the amount of money requested is proportional to the harm caused."  *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020).  "When a plaintiff seeks only injunctive relief and no monetary damages in its motion for default judgment, the fourth *Eitel* factor weighs in favor of default judgment."  *Padded Spaces LLC v. Weiss*, No. C21-0751JLR, 2022 WL 2905887, at *5 (W.D. Wash. July 22, 2022) (citing *PepsiCo, Inc., v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Because Powerwand seeks an injunction and recovery of reasonable attorney fees for this action, there is direct proportionality.  *See generally* Dkt. # 14.  This factor therefore supports default judgment.

4.      Possibility of dispute over material facts

There is no sign that the material facts are in dispute.  And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true."  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 8

1977).  Defendants did not appear, so the Clerk correctly entered default against them.  *See* Dkt. # 13.

   5.  Probability that default was because of excusable neglect

  The sixth *Eitel* factor assesses whether Defendants' default for failure to appear was because of excusable neglect.  *Bds. of Trs. of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022).  Generally, courts do not find excusable neglect when defendants were properly served with the complaint.  *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020).  Powerwand established that it properly served Defendants by email in accordance with the Court's January 2023 order granting leave to serve process by alternative means.  *See* Dkt. ## 10, 11.  Consequently, this factor weighs in favor of default judgment.

   6.  Policy favoring decision on the merits

  Generally, cases "should be decided upon their merits whenever reasonably possible," so courts tend to disfavor default judgment on this factor.  *Eitel*, 782 F.2d at 1472.  But Defendants' failure to appear or respond "makes a decision on the merits impractical, if not impossible."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020) (explaining that when a defendant fails to appear, the policy favoring a decision on the merits does not preclude the entry of default judgment).  Thus, the seventh *Eitel* factor does not preclude default judgment in this case.

  In sum, all seven *Eitel* factors support granting Powerwand's motion for default judgment.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 9

C.    Permanent Injunction

Plaintiff seeks a permanent injunction enjoining Defendants from:

(1) offering to the public, marketing, selling, providing, or otherwise trafficking in apparel products branded with any of the Powerwand Trademarks (including Inaka, Inaka Power, and Inaka IP logos; (2) using any photographic materials belonging to Powerwand, including all photographs referenced herein and all digital versions thereof; and (3) engaging in any other violation of the DMCA, Copyright Act, Lanham Act, or any other federal or state law, that results in harm to Powerwand.

Dkt. # 1 at 19.

"15 U.S.C. § 1116(a) vests the district court with the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137–38 (9th Cir. 2006).  Granting a permanent injunction is "an act of equitable discretion" and a court should apply "traditional equitable principles" in its analysis. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Similarly, the CPA allows a party to seek a permanent injunction to prevent further violations.  *See* RCW 19.86.090.  To receive a permanent injunction, a plaintiff must show:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc.*, 547 U.S. at 391.

Powerwand has satisfied the four *eBay* factors and thus is entitled to a permanent injunction.  For the trademark claims, plaintiffs are entitled to a presumption of irreparable harm under the Lanham Act.  *See* 15 U.S.C. § 1116(a).  "Moreover, once infringement is shown, irreparable injury is generally presumed in a trademark case." *T-Mobile USA, Inc. v. Terry*, 862

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 10

F. Supp. 2d 1121, 1135 (W.D. Wash. 2012).  With no evidence in the record rebutting such a presumption, the Court therefore presumes irreparable injury to Powerwand.  *See generally* Dkt.

As for the copyright claims, there is no presumption of irreparable injury.  *See Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980–81 (9th Cir. 2011).  Rather, "the propriety of injunctive relief in cases arising under the Copyright Act must be evaluated on a case-by-case basis in accord with traditional equitable principles." *Id.*  Given the inherent connection between Powerwand's copyright and trademark infringement claims, however, a permanent injunction here is warranted and accords with equitable principles.  *See Lions Gate Films Inc. v. Saleh*, No. 2:14-CV-06033-ODW-AGR, 2016 WL 6822748, at *6 (C.D. Cal. Mar. 24, 2016) ("Plaintiff would suffer irreparable injury in the absence of a permanent injunction because Defendants' failure to appear suggests that they will continue to infringe on Plaintiff's copyright, which will erode Plaintiff's ability to enforce its exclusive rights.").

The second and third factors also support a permanent injunction.  Remedies at law are inadequate when future infringement of a party's intellectual property rights is likely.  *See T-Mobile*, 862 F. Supp. 2d at 1133 ("Permanent injunctive relief is the only adequate remedy to prevent the continued threat of infringement.").  The balance of hardships also favors injunctive relief, as "illegal conduct does not merit significant equitable protection." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 867 (9th Cir. 2017).  Further, rather than unduly burdening Defendants, an injunction here would simply require Defendants to respect Powerwand's intellectual property rights in compliance with all relevant laws.

Finally, a permanent injunction serves the public interest by protecting the rights of intellectual property owners and "protecting consumers from unwittingly purchasing counterfeit products." *See Amazon.com, Inc. v. Sirowl Tech. Eyeglasses*, No. 2:20-cv-01217-RSL-JRC 2022 WL 19000499, at *6 (W.D. Wash. Oct. 3, 2023); *see also Internet Specialties W., Inc. v. Millon–*

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 11

*Di Giorgio Enters.*, Inc., 559 F.3d 985, 993 n.5 (9th Cir. 2009) ("The public has an interest in avoiding confusion between two companies' products."). In sum, a permanent injunction is an equitable and appropriate remedy in this case. The Court will issue a separate order outlining the terms of the permanent injunction.

D.     Attorney Fees & Costs

Powerwand seeks an award of reasonable attorney fees and costs under 17 U.S.C. § 512(f) (for DMCA violations) and 15 U.S.C. § 1117(a) (for Lanham Act violations). Both statutes provide for an award of reasonable attorney fees and costs if a violation has been established. Violators of 17 U.S.C. § 512(f)

> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

Additionally, once a willful trademark violation has been established under the Lanham Act,

> the plaintiff shall be entitled . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). When analyzing a request for fees under the Lanham Act, courts "should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness*." *SunEarth, Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam) (citation omitted). The factors to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*.

(quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (citation omitted)).

Powerwand is entitled to an award of reasonable attorney fees and costs under both 17 U.S.C. § 512(f) and 15 U.S.C. § 1117(a).  Because of Defendants' false statements and willful misrepresentations to Amazon, Powerwand had to file this suit to prevent Amazon from "replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f).  Powerwand is therefore entitled to recover reasonable costs and attorneys' fees incurred as a result of Defendants' DMCA violations.

This is also an "exceptional case" under 15 U.S.C. § 1117(a) and *Octane Fitness*.  Powerwand's action is not frivolous (and indeed, appears to be very strong on the merits).  Plaintiff has substantive copyright and trademark infringement claims and initiated this action to enforce its legitimate rights against Defendants in compliance with Amazon's DMCA complaint process. Dkt. # 1 at 6–7.  An award of attorney fees and costs to Powerwand is also necessary to advance considerations of compensation and deterrence given Defendants' willful infringement and subsequent failure to appear in this action.  *See Olson Kundig, Inc. v. 12th Avenue Iron, Inc.*, 2023 WL 3269759, at *8 (W.D. Wash. May 5, 2023).

Powerwand is thus entitled to recover reasonable attorney fees and costs incurred in this action  When calculating reasonable attorney fees, this Court applies the lodestar method.  *Eat Right Foods, Ltd v. Whole Foods Market Services, Inc.*, No. C13-2174RSM, 2015 WL 11233198, at *3 (W.D. Wash. Feb. 18, 2015).  Under the lodestar method, the Court arrives at a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  *Id.*; *see also McGrath v. Co. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).  After the lodestar figure is calculated, the Court may then adjust it up or down to account for other relevant considerations.  *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

Having considered the Pham Declaration, the Court accepts Powerwand's request for $2,967 in costs but rejects Powerwand's request for $59,928.25 in attorney fees. *See* Dkt. # 15. While the Court accepts the stated hourly rates, it does not accept the number of hours spent on this matter and thus cannot accept Powerwand's proposed lodestar figure. Given the nature of the case, the lack of opposition to the motion, and the number of hours expended by attorneys in similar cases, the Court finds it unreasonable to award Powerwand attorney fees for over 130 hours of billable work. The Court will therefore reduce Powerwand's requested hours and associated attorney fee award by 25%. Powerwand is thus entitled to recover $44,946.19 in attorney fees and $2,967 in costs. This results in a total award of $47,913.19 in costs and fees.

## IV

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment. Dkt. # 14. Powerwand is entitled to a permanent injunction and attorneys' fees and costs of $47,913.19. The terms of the injunction will be set forth in a separate order.

Dated this 27th day of June, 2023.

John H. Chun
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 14